May it please the Court, my name is Myrna Beards and I represent Appellant Juan Quintero-Junco. I'd like to reserve two minutes for rebuttal if I may. The District Court in this case committed procedural error when it sentenced Mr. Quintero-Junco in two ways. First, it disregarded the proper determination of the sentencing guidelines because the court indicated that it was going to depart and it gave, it basically dismissed this irrelevant correct determination of whether Mr. Quintero-Junco's prior conviction for Arizona's attempted sexual assault was a forcible sex offense and therefore a crime of violence. Second, the court in determining and adopting the recommendation of the correct used methodology that has now been discredited or disavowed since this camp was decided, which came a few months after Mr. Quintero-Junco was sentenced. The court and the government always urged that Mr. Quintero-Junco's prior was a forcible sex offense based upon what it called judicially noticeable documents in order to determine the facts of the case, something that the Supreme Court has specifically said is not the correct way to use the modified categorical approach. In this particular case, though, let's say that the court improperly applied the modified categorical analysis under DECOMP. You still have a divisible statute and once you get to that point and you do the analysis that's then required, aren't we right back where we started from? In other words, is there any error that is harmful in this case? Yes, Your Honor, there is. And it is our contention that this was not harmless error because the government is wrong when it states that this was a forcible sex offense or that it was a crime of violence under the residual clause. Why is the government wrong? I mean, right in Diego's caindo and the other cases that we have. Because all of those cases, and there's a whole line of cases, all spoke about whether force was necessary in two different aspects. And one aspect that this case presents which is unresolved in our opinion. Whether force is necessary, force extrinsic beyond the force inherent to the sexual act. And consistently these cases speak about whether, for example, and this begins in Lopez Montanez, that whether force is a forcible sex offense is one in which there must be force beyond penetration or sexual incourse. And a lot of these cases, in fact, deal with either rape cases or sexual assault cases. In fact, the cases stated by, decided in the Fifth Circuit that are listed in the commentary to the guideline all involved rape or sexual intercourse. And this case does not. Any cases anywhere that says that only crimes involving sexual intercourse or penetration constitute sex offenses for purposes of our discussion? No, Your Honor. This Court has not so decided. This Court began, and we do believe that this is a different animal, this is a different case. This is a case, a class of cases that include this Arizona statute and also include California sexual battery, in which the contact, the sexual conduct involves ephemeral touching, which is different from, in kind we believe, and different from sexual intercourse. All of the rape statutes. Here's the language I'd written down from Gallegos Gaindo. It says the guidelines were amended in 2008 to include a forcible sex offense, any sex offense involving the absence of the victim's consent. So if you take that and the fact that this is a divisible statute, it seems to me we're, those are really the parameters of our decision. So I hear your argument, but I'm not sure how we could get around Gallegos Gaindo. Well, Your Honor, I think that because the statement that the Court just quoted, I think refers back to the fact that in Gallegos that we're talking about force beyond penetration. So Gallegos Galindo decided that it is not necessary for there to be some act of force beyond penetration. It did not determine whether the sexual act itself has to be forcible in the sense of whether there's a quantum of force necessary to commit that crime. Gallegos Gaindo. Well, so in other words, we would have to say, well, that's just dicta. Actually, in Gallegos Gaindo it was, because the statute at issue in that case was, a rape statute, and that was decided under the modified categorical approach that this Court employed before this camp. So we don't believe that. Except in bar a modified categorical analysis, it just says you've got to have a divisible statute, and then you see whether it applies categorically. Correct, Your Honor. A modified categorical approach is now used to identify the elements of a divisible statute, but it is not to be used to go beyond the statutory elements. No extra statutory looking around in the record to find facts that would substantiate whether the defendant actually committed the crime. Counsel, I would like to talk with what Judge McEwen talked about, though, in terms of the guidelines, in terms of Galendo. Help me if I'm missing something, but it seems to me that what they both say is there has to be force, and it's a sexual act. It doesn't say there has to be penetration. It doesn't say there has to be intercourse. And I'm not saying that there has to be force or penetration. I'm saying that there has to be force. And the force, there has to be, the sexual conduct has to be forcible, has to be forceful. What does that mean from your perspective in this case? Well, certainly not an ephemeral touching, which is what this statute criminalizes. This is what the Arizona statute criminalizes, contact that is, that can be direct or indirect. And the plain and common ordinary meaning of the word forcible means effectuated by force. So we know that forcible after Galendo, Gallegos-Galendo, and the clarification of the guidelines, does not mean any force beyond the sex act, and we know that it also includes unconsented, any conduct that is unconsented. But what the government now seeks is a broad reading to say basically any sex offense. Well, it's not your contention here that there was consent, is it? No, Your Honor. So I'm troubled by the same questions that the other members of the panel are having. Force implies lack of consent, and you're saying, no, those are two distinct subjects. You can have lack of consent, but no force. Is that really your position? Yes, Your Honor, it is. And I take this back to Lopez Montanez, which this Court decided several years ago. The Court decided at that point that a California sexual battery statute was not a forcible sex offense, because for two reasons. And one of them was the lack of consent, that consent could be accomplished without force, and the other one was because it was just a touching. So if we have ‑‑ if the government is now saying that any sex offense is a crime of violence because it's unconsented, and, of course, consent is always a defense to there being any kind of conviction at all, if it's any sex offense, then the word ‑‑ Well, not depending on the age. Well, yes, and I should limit this to the fact that this isn't concerning an adult. Sure. And there's no question about that in this case or even in the statutory. Do you want to reserve your remaining time? I do, Your Honor. Thank you. May it please the Court, Erica Sager on behalf of the District of Arizona. The defendant's prior conviction for attempted sexual abuse does meet the guideline definition of forcible sex offense, and this court, under a modified categorical approach. As has already been noted by the court, it is a divisible statute. There are two alternative means by which the statute can be violated, and the judicially noticeable documents in this case clearly indicate that the defendant violated the first alternative means, that is, that the sexual conduct was committed without the consent of the victim in the case. In order for this court to determine ‑‑ Let me stop you there for a moment. Is the government conceding that the application to this factual analysis as opposed to the statutory analysis calls into question the use of the categorical approach? Your Honor, I'm sorry. I didn't understand the question. Well, Judge Smith referenced this earlier. It appears that the judge employed a factual analysis of the offense as opposed to examining the consistency of the Arizona statute to the general application of the law. What is the government's view of that deviation from what is now considered accepted practice? Your Honor, I think the result is the same in this case. If the court had done the ‑‑ again, this was decided pre‑Dekamp, but had the court conducted the analysis under Dekamp, as the government noted in its answering brief, the ultimate decision would have been the same. The documents illustrate that the defendant was convicted of the touching without the consent of the victim. And do you see any prejudice to the appellant from that analysis? No, Your Honor, because, again, the ultimate outcome would have been the same. So in order for the court to determine whether or not this conviction was a forcible sex offense, the court first has to decide whether or not the conviction was itself a sex offense. And in United States v. Buanos Hernandez, this court defined a sex offense by looking at the Black's Law Dictionary. And in that case, the court concluded that a sex offense is involving unlawful sexual conduct. And we have that in this case because we have a situation where the defendant engaged in sexual contact with the victim. And then the second question this court must answer is whether or not it was forcible. And the statute in and of itself requires that the conviction be without the consent of the victim. Now, the Arizona definition of without consent is actually very similar to that that the court ‑‑ this court considered in Ruiz Apollonio, which was dealing with the California Rape Statute. But the definition of without consent in Arizona and the different factual ‑‑ or the different enumerated ways that a rape in California could be accomplished are essentially the same. That is that there was a threat to the victim of both person or property. There's duress. There's incapable of consent by reason of mental disorder, mental defect, drugs, alcohol, et cetera. All are exactly what the sentencing commission intended to include in the term when it expanded the definition in 2008 to include the various different types of without consent that the commission meant to include. So under a modified categorical approach, the government has met its burden of establishing that the defendant's prior conviction was a forcible sex offense. Can we just do that de novo here? Because the district courts seem to not really apply the modified categorical approach as we're supposed to, which is categorically as opposed to an individual defendant. Well, Your Honor, the defendant in this case objected to the guideline enhancement, so it would be a de novo review in any event, because he specifically argued that it was not a forcible sex offense. He argued other things as well, but he did specifically raise the issue that it did not meet the guideline definition. I would also note that this court has previously held that this exact same conviction by this exact same defendant was, in fact, a crime of violence. I know I noted that in my brief, but I would bring that to the court's attention as well. Let me ask you this. I just want to be sure of the government's position. It's fairly clear that the district court decided the case before it had come and just went right into the categorical analysis, the modified categorical analysis, on the basis that it never said, well, I'm going to do Taylor, I'm going to do this. But once Descamp came out, if you look at the statute, it is divisible. You get right back to the same thing again. So I guess my question is, what's our standard here? Can we just simply do the analysis ourselves as long as there's no prejudice to the defendant? How should we consider that? Do we have to send it back to do what would be obvious, or do we do that ourselves? Your Honor, the standard is whether or not there was error at the time, at the time that this court is deciding the appeal. Well, I'm not sure that's right. Descamp was done that way, and they reversed it. And that was a non-published opinion, so they felt fairly strongly about it. So your point is that whatever the district court, whatever the law was at that point, that it doesn't matter whether it changes thereafter? Correct. That's interesting. Because this court, because Descamp is applied to cases that are on appeal, this court has the ability to look at the statute and make that determination, especially in a case like this where the defendant specifically objected at the district court level. That sounds like you're saying that the law in effect now, post Descamp, is the law that we should apply, not the law as it was understood at the time. Correct. Well, that's different from what you said a minute ago, so I just wanted to make sure I understood. What is the controlling law in your view, and what date do we peg that to? The controlling law for what purpose, Your Honor? For deciding this appeal. Well, the controlling law would be the law as it stands right now. I mean, there would be any case that's been decided up until now that would affect. Well, it's the opposite of what you said a minute ago, isn't it? Didn't you say that the law we should apply is the law that applied at the time the district court made the decision? No, Your Honor. That's what I said. That's not what I meant. What I meant was it's the law that's in effect at this time. Okay. So I apologize. Descamp applies. You agree with that? Yes. Descamp clearly applies. But you're saying that in effect, because it's a pure legal matter, we can do the analysis ourselves of DeNovo. We don't have to send it back to the district court to do it, right? I think because the outcome is the same, and the court had the opportunity to, you know, apply the modified categorical approach. Whether it applied it in the way that Descamp has now dictated it needs to be applied. I think that's a different situation than what we have here where Descamp doesn't change the outcome. So remanding it to the district court would essentially not provide any different results than what we have right now, and there would be no need for the district court to apply the same analysis it already has. What about the first point that counsel raised, and that was the district court's comments on the guidelines? The court said something to the effect of, well, it doesn't really matter, and then also said the guidelines, it's a starting point for a number of things. So there seemed to be some collision about what you're supposed to do with the guidelines. Is that reversible there? It's not, Your Honor, because when you look at the context of what the district court said, what he said was that he was going to treat the guidelines as advisory, which is what he should be doing. And so he determined that he was going to calculate the guideline range, but made it very clear from the outset that he didn't believe the guideline range was appropriate in this case for multiple different reasons. And so he made it clear that he did not intend to follow the guideline range, but that he also at first needed to calculate the guideline range. And I think that's made very clear by his statements that he, based on the nature of the defendant's prior history, to include his extremely long prior 1326 sentence, that he didn't think the guideline range was going to be binding, and that he intended not to follow it. I would, specifically the district court said at the end that he was varying from the guideline range and not departing, and I think that's important for the court to consider as well. The district court judge made very clear that it was a variance upward from the guideline range and not a departure, because obviously there are notice requirements with a departure. Thank you. If the Court has no further questions. I'd like to just briefly address the issue of Arizona's characterization of force and consent. Consent is defined, is in fact defined as lack of the, a threatened use of force. But Arizona defines force at a lower level than the Federal definition of force. And I have cited the court to Johnson v. The United States, which states that force has to be substantial force capable of causing injury. While Arizona, if you look at the definition of physical force, it's overbroad because it includes confinement. So if the government's position is that consent on either, lack of consent implies use of force under either the residual clause or as part of the definition of a forcible sex offense, the Arizona statute is overbroad on that point. Thank you. Counsel, thank you. I appreciate your representation of the defendant in this matter. Thank you. The case of United States v. Quintero Junco is submitted. We appreciate the briefing and the arguments of both counsel.
judges: Robart, McKeown, Smith